**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

THE AMERICAN MEDICAL ASSOCIATION,    :
     et al.,

                               :

            Plaintiffs,

                               :     Master File No.

     -against-

                               :     00 Civ. 2800 (LMM)(GWG) + 00 Civ 7246 (LMM)

UNITED HEALTHCARE CORPORATION,       
     et al.,

                               :

            Defendants.        :

-----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/05/2010_

### [PROPOSED] ORDER APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND DIRECTING ENTRY OF FINAL JUDGMENT

This Order is entered by this Court to certify the Class for settlement purposes in the above-captioned litigation, to grant final approval of the proposed Settlement and the Plan of Allocation, to direct the entry of final Judgment, and to issue an award of attorneys' fees and expenses to Class Counsel, and compensatory awards to the Class Representatives.

In issuing this Order, the Court has reviewed and considered: (i) Motion for an Order Granting Final Approval of the Proposed Settlement and Motion of Class Counsel for Award of Attorneys' Fees, Reimbursement of Expenses and Compensatory Awards to Class Representative Plaintiffs, dated August 26, 2010; (ii) Memorandum of Law in Support of Class Plaintiffs' Motion for Final Approval of the Proposed Settlement, dated August 26, 2010; (iii) Class Plaintiffs' Response to Objectors, dated August 26, 2010; (iv) Memorandum of Law in Support of Class Plaintiffs' and Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Compensatory Awards to the Class Plaintiffs, dated August 26, 2010; (v) Declaration of D. Brian Hufford in Support of Class Plaintiffs' Motion for Final

Approval of the Proposed Settlement and for an Award of Attorneys' Fees, Reimbursement of

Expenses and Compensatory Awards to the Class Plaintiffs, dated August 26, 2010; (vi)

Declaration of Stanley M. Grossman in Support of Class Plaintiffs' Motion for Final Approval of

the Proposed Settlement and for an Award of Attorneys' Fees, Reimbursement of Expenses and

Compensatory Awards to the Class Plaintiffs (and accompanying Exhibits), dated August 26,

2010; (vii) Declaration of Robert J. Axelrod in Response to Objections (and accompanying

Exhibits), dated August 26, 2010; (viii) Defendants' Memorandum of Law in Support of Joint

Motion for Final Approval of Class Action Settlement and Responses to Objections, dated

August 26, 2010; (ix) the Affidavit of Staci Delorenzo, a member of the Tech & Data SME

Team for the TOPS (UNET) claims processing system at UnitedHealth Group Incorporated

(f/k/a United Healthcare Corporation), dated August 26, 2010; (x) the terms and conditions of the

Settlement Agreement, dated January 14, 2009, the Amendment to Settlement Agreement, dated

October 1, 2009 ("First Amendment"), and the Second Amendment to Settlement Agreement,

dated August 26, 2010 (collectively, the "Settlement Agreement"); (xi) the mailed Class Notice

and the published Class Notice; (xii) the Plan of Allocation; (xiii) the Notice of Filing of

Declaration of Nicholas J. Pappas, Esq. in Support of Joint Motion for Final Approval of Class

Settlement and Response to Objections, dated September 14, 2010, relating to Defendants'

compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715

("CAFA"); (xiv) the Settling Parties' Submission Regarding Impact of Proposed Settlement on

Facilities, dated July 13, 2010; and (xiv) the Parties' joint-letter submission to the Court, dated

July 16, 2010, explaining the impact of the Settlement Agreement on out-of-network ("OON")

facility claims and OON claims for physician-administered drugs.

.2

The Court also has taken into account the objections submitted prior to the Final Settlement Hearing held before the Court on September 13, 2010 in accordance with the provisions of the Court's Supplemental Order Preliminarily Approving Proposed Settlement, Conditionally Certifying The Settlement Class, Setting Form and Content of Notice to Members of the Settlement Class, and Scheduling Final Settlement Hearing, entered on January 4, 2010 (the "Supplemental Preliminary Approval Order"), and the Order Amending Supplemental Order Preliminarily Approving Proposed Settlement, Conditionally Certifying the Settlement Class, Setting Form and Content of Notice to Members of the Settlement Class, and Scheduling Final Settlement Hearing, entered on February 25, 2010. The Court further considered the presentations and other proceedings at the Final Settlement Hearing, including by certain of such objectors. A list of the objectors, or their attorneys, if applicable, is attached to the Notice of Settlement. In addition to the formal submissions by counsel for various Class Members seeking to raise objections before the Court, a number of letters from individual Class Members who have not been represented by counsel have been received by the Court raising issues that could be interpreted as objections. While some of these filings have been withdrawn, the Court has considered all of them prior to entering this Order.

The Court further has considered the Settlement in the context of all prior proceedings conducted in this litigation, including a seven-day evidentiary preliminary approval hearing held on March 30 and 31, and April 1, 2, 3, 6 and 16, 2009, and related submissions, and a subsequent hearing held on September 14, 2009, with additional submissions, at which the parties presented the results of their further analysis of issues identified by the Court in its opinion deferring decision on the Motion for Preliminary Approval, dated May 7, 2009. These hearings and related submissions provided the Court an adequate basis upon which to grant Preliminary Approval to

the proposed Settlement, as found in the Court's Memorandum and Order dated November 17, 2009, all of which further provide a substantial foundation for this Court's consideration of final approval of the proposed Settlement.

For purposes of this Order, the Court has considered the full record it has obtained as part of the Preliminary Approval process and has incorporated all of its previous findings as summarized in its opinion granting Preliminary Approval, as well as all prior pleadings, filings, Court submissions, and Court orders from the inception of this action through the date of this Order.

Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

On the basis of the foregoing findings and the submissions and proceedings referenced above, the Court makes the following findings and NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

**Jurisdiction**

1.　　The Court has subject matter jurisdiction to this Action pursuant to 28 U.S.C. §§ 1331 and 1367.

**Certification Of Settlement Class**

2.　　The Court finds that, for the purposes of settlement only, each of the elements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP"), and the requirements of due process, are satisfied. In entering this Order, the Court recognizes that, solely for the purpose of certifying the Settlement Class, Defendants agreed not to present or pursue any of their individualized affirmative and negative defenses to the claims of the Settlement Class Members included in any of the complaints filed by the Settling Plaintiffs in this litigation. Moreover, because this certification of the Settlement Class is in connection with a

4

Settlement rather than a trial on the merits, as specified in *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997), a district court need not inquire whether the case, if tried, would present intractable management problems, as referenced in Fed. R. Civ. P. 23(b)(3)(D).

3.     Accordingly, as the Court found in its November 17, 2009 decision granting preliminary approval, and as this Court now reaffirms in granting final class certification for settlement purposes:

     a.     the Settlement Class, which consists of millions of persons, plainly satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

     b.     Rule 23(a)(2)'s commonality requirement is satisfied as there is at least one question of fact and law that is common to all members of the class, *i.e.,* whether they have been under-reimbursed by Defendants' use of the Ingenix databases.

     c.     Rule 23(a)(3)'s typicality requirement is satisfied where all members of the class possess claims based on the reimbursement practices of United.

     d.     The Fed. R. Civ. P. 23(a)(4) requirement of adequate representation has been satisfied because there are no antagonistic interests between any members of the class (including between subscribers to United plans and their out-of-network health care providers), and counsel proposing the settlement are plainly qualified, experienced and able to conduct this litigation.

     e.     The requirements of Fed. R. Civ. P. 23(b)(3) have been satisfied because the common issues relating to the Ingenix databases plainly predominate over any individual issues, and a class action is equally plainly the superior method of pursuing the millions of small claims at issue in the Action. .

5

4. As detailed in this Court's Supplemental Preliminary Approval Order, the following claims, issues and defenses shall be treated on a class basis pursuant to FRCP 23(c)(2)(B):

A. Whether Defendants' use of the Ingenix Databases in determining reimbursement for Covered Out-of-Network ("OON") Services or Supplies violated ERISA, the Sherman Antitrust Act, RICO, or state law;

B. Whether Defendants' use of OON Reimbursement Policies that reduced reimbursement for OON services or supplies violated ERISA or state law;

C. Whether ERISA requires each Subscriber to prove exhaustion or futility as to each ERISA claim;

D. Whether ERISA requires each Provider to prove exhaustion or futility as to each ERISA claim;

E. Whether RICO requires each Subscriber to prove exhaustion or futility;

F. Whether RICO requires each Provider to prove exhaustion or futility;

G. Whether ERISA requires each Provider to prove the existence of an assignment;

H. Whether the Sherman Antitrust Act or RICO requires each Provider to prove the existence of an assignment;

I. Whether Subscribers or Providers may recover damages if a Subscriber is not balance billed by a Provider;

J. Whether the contractual terms of the relevant health plans permit Defendants' reimbursement practices for Covered OON Services or Supplies;

K. Whether Class Members have standing to assert claims for prospective relief; and

L. What the applicable statute of limitations periods are for the ERISA, Sherman Antitrust Act, RICO and state law claims of Class Members.

5. Accordingly, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court unconditionally certifies a class (the "Settlement Class") composed of:

(i) all Persons whose health care benefits were insured or administered by any Defendant who, at any time from March 15, 1994 through November 18, 2009, received out-of-network health care benefits that were processed or reimbursed by

such Defendant using the Ingenix Databases or any of Defendants' Seven Relevant Out-Of-Network Reimbursement Policies; and (ii) all Out-Of-Network Health Care Providers and Out-Of-Network Health Care Provider Groups who provided Covered Out-Of-Network Services or Supplies to Persons whose health care benefits were insured or administered by any Defendant at any time from March 15, 1994 through November 18, 2009, and whose resulting claims were processed or reimbursed by such Defendant using the Ingenix Databases or any of Defendants' Seven Relevant Out-Of-Network Reimbursement Policies.

The "Seven Relevant Out-Of-Network Reimbursement Policies," as defined in the First Amendment, means collectively the following Out-Of-Network Reimbursement Policies: (i) Anesthesia Policy; (ii) Assistant Surgeon Policy; (iii) Co-Surgeon/Team Surgeon Policy; (iv) Multiple Procedure Policy; (v) Preventive Medicine Policy; (vi) Professional/Technical Policy; and (vii) Reduced Services Policy.

6. As detailed in this Court's Order, dated July 26, 2010, after having reviewed relevant submissions and held a hearing of interested parties on July 15, 2010, the Court finds that the Settlement Agreement covers services and supplies provided by a professional, including physician-administered drugs reimbursed on the basis of Average Wholesale Price. The Settlement Agreement does not cover services and supplies provided by a facility, such as, without limitation, an Ambulatory Surgery Center ("ASC"), Hospital, or Dialysis Clinic. Certain claims submitted by facilities for professional services may be covered under the Settlement Agreement. Specifically, a claim submitted by a facility is only covered under the Settlement Agreement with respect to claims it submitted on a HCFA 1500 or CMS 1500 form, and only then to the extent that the claims are for professional services. Any other claims submitted by a facility, including, but not limited to, claims submitted on a UB-04 or UB-92 form, are not included in the Settlement Agreement. Claims for drugs billed using J-Codes on HCFA 1500 or CMS 1500 forms, where box 24b on the form includes the two-digit "Place of Service" code number for "Office," which is number "11," are considered for purposes of the Settlement

7

Agreement to be claims for professional services. With respect to claims for drugs billed using J-Codes on HCFA 1500 or CMS 1500 forms, where box 24b on the form includes the two-digit "Place of Service" code number for "Home," which is number 12, "Independent Clinic," which is number "49," or "Other," which is number "99," or if the box is blank, the presumption will be that such claims are for professional services, and thereby fall within the Settlement Agreement. If a party wishes to pursue such claims based on the argument that they are not released, it will have the burden of demonstrating that the drug was provided or administered by a facility and not by a professional. Claims for drugs billed using J-Codes on HCFA 1500 or CMS 1500 forms, where box 24b on the form includes the two-digit "Place of Service" code number for a location other than the codes listed above, such as, without limitation, number 24 for ASCs, numbers 21-23 for hospitals, and number 65 for End-Stage Renal Disease Treatment Facility, are considered for purposes of the Settlement Agreement to be claims for facility services.

7.      For purposes of the Settlement only, the individual Settling Plaintiffs are certified as representatives of the Settlement Class ("Class Representatives") and Pomerantz Haudek Grossman & Gross LLP is appointed Lead Settlement Class Counsel to serve as counsel to the Settlement Class. The Court concludes that Lead Settlement Class Counsel and Settling Plaintiffs have fairly and adequately represented the Settlement Class with respect to the Settlement and the Settlement Agreement.

8.      Notwithstanding the certification of the foregoing Settlement Class and appointment of Settling Plaintiffs for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of Settling Plaintiffs shall be void and of no further effect and the Parties to the Settlement shall be returned to the

status each occupied before entry of the Settlement Agreement, without prejudice to any legal

argument, position, or privilege that any of the Parties to the Settlement Agreement might have

asserted by for the Settlement Agreement.

**Class Notice**

9. Notice to Settlement Class Members was provided in accordance with the notice

requirements specified by the Court in the Supplemental Preliminary Approval Order. Such

notice constituted the best means of notice to Settlement Class Members that was practicable

under the circumstances and was due and sufficient notice of the Settlement and the Final

Settlement Hearing to all persons affected by and/or entitled to participate in the Settlement or

the Final Settlement Hearing. Further, such notice was in full compliance with the requirements

of due process, Fed. R. Civ. P. 23(c)(2), and CAFA.

**Final Approval of Settlement**

10. In evaluating the motion for final approval of the proposed Settlement, the Court

has considered and applied the factors identified in *Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d

Cir. 1974), which have routinely been applied by courts in this Circuit in evaluating a proposed

settlement for final approval. These factors include: (1) the complexity, expense and likely

duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the

proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the

risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7)

the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of

the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of

the settlement fund to a possible recovery in light of all the attendant risks of litigation.

11. The Court finds that the Settlement is the product of good-faith, arm's-length

negotiations between Settling Plaintiffs and Lead Settlement Class Counsel and Defendants and

their counsel. The amount of formal and informal discovery and independent investigation by the attorneys and their experienced consultants, and the factual record compiled, sufficed to enable the Parties to make an informed decision as to the fairness and adequacy of the Settlement Agreement.

12. After considering and taking into account (1) all of the *Grinnell* factors, and considering the totality of these factors in light of the particular circumstances of this Action; (2) the submissions made to the Court with respect to the both preliminary approval and final approval of the proposed Settlement, and all objections thereto, and having given fair consideration to all such objections; (3) all prior decisions issued by this Court with regard to the underlying pleadings in this Action; and (4) the terms and conditions of the Settlement Agreement, including the monetary settlement consideration, Defendants' modified business practices, Defendants' agreement to continue a change in practices, and other consideration; and having held the September 13, 2010 Final Settlement Hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the Court finds that the Settlement, as provided for in the Settlement Agreement, is in all respects fair, adequate, reasonable, and in the best interest of the Settlement Class, particularly in light of the complexity, expense, and likely duration of the litigation, and the risks involved in establishing liability, damages, and in maintaining a class action through trial.

13. Any objections to the Settlement based upon due process, constitutionality, procedures, substance, and compliance with the law, including, but not limited to, the propriety of certifying a settlement class, adequacy of notice and the fairness of the Settlement Agreement, lack merit and are hereby overruled and denied in all respects. Further, the Court considered the objection that the Settlement constitutes a "prohibited transaction" under Section 406 of the

Employee Retirement Income Security Act ("ERISA"), and is persuaded by the Defendants' arguments that the Settlement does not constitute a "prohibited transaction" or otherwise involve any violations of ERISA.

14.     Those persons who have validly and timely elected to Opt-Out of the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class under the Settlement Agreement. A current list of all valid Opt-Outs as provided to the Court by the designated Claims Administrator is attached hereto as Exhibit A. Each and every Settlement Class Member who did not timely and properly file a valid request for exclusion from the Settlement Class is subject to the release and injunctions detailed below.

**Release And Injunctions Against Released Claims**

15.     The Release and Injunctions provisions of this Order, which prohibit the assertion of claims against any Released Person, as set forth below, are conditions of the Settlement and a significant component of the consideration afforded to Defendants in the Settlement, and the provisions are reasonable under the circumstances

16.     Each of the Released Persons is and hereby shall be unconditionally, fully, and finally released and forever discharged from the Released Claims by the Releasors, and each of the Non-Party Carriers is and hereby shall be unconditionally, fully, and finally released and forever discharged from the Non-Party Carriers' Released Claims by the Releasors.

17.     Further, the Releasors shall abandon forever and discharge any and all claims that exist now or that might arise in the future against any other persons or entities, which claims arise from, or are based on, conduct by any of the Released Persons or Non-Party Carriers in connection with the Released Claims or the Non-Party Carriers' Released Claims, respectively, whether any such claim was or could have been asserted by any Releasor on its own behalf or on

11

behalf of other persons. Nothing in this Order is intended to relieve any person or entity that is not a Released Person from responsibility for its own conduct or conduct of other persons who are not Released Persons, or to preclude any Settling Plaintiff from introducing any competent and admissible evidence in a court proceeding to the extent consistent with the Settlement Agreement.

18.     The Released Claims and the Non-Party Carriers' Released Claims that are being released and discharged herein include claims that may not currently exist, or that Settling Plaintiffs and Settlement Class Members may not know or suspect to exist in their favor at the time of the Settlement Agreement. Settling Plaintiffs and Settlement Class Members have waived any and all provisions, rights, and benefits conferred by California Civil Code § 1542, or by any law of any State or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

19.     Based on this Order, the Court deems that all Releasors are aware that they may, after the date of the Settlement Agreement, discover claims or facts in addition to or different from those they now know or believe to be true with respect to the Released Claims and Non-Party Carriers' Released Claims. Nevertheless, each Settling Plaintiff and Settlement Class Member has expressly waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of Paragraphs 17 or 18 of this Order, whether or not concealed or hidden, without regard to the discovery or existence of such different or additional facts.

12

20.     Each of the Releasors is barred and enjoined from taking any step whatsoever to commence, institute, continue, pursue, maintain, prosecute, or enforce, either directly or indirectly, in any judicial, administrative, arbitral forum, or otherwise: (i) any Released Claims, on behalf of itself of any other Person, against any of the Released Persons; or (ii) any Non-Party Carriers' Released Claims, on behalf of itself or any other Person, against any of the Non-Party Carriers. In entering this Order, the Court deems that each of the Releasors has warranted and represented that such Releasor has not assigned, sold, or otherwise transferred any claim that such Releasor had that otherwise would fall within the scope of this Paragraph or Paragraph 17 or 18 of this Order.

21.     Each of the Settling Plaintiffs is and hereby shall be unconditionally, fully, and finally released and forever discharged from any Counterclaims by Defendants, on behalf of themselves and each of their heirs, executors, administrators, successors, and assigns, and any persons they represent, and each of their agents (including, but not limited to, any investment managers and advisors), representatives, officers, directors, executives, members, partners, participants, shareholders, investors, principals, employees, trustees, assigns, and attorneys of each of them to the extent those entities or individuals acted on behalf of, or are claiming through or by virtue of the claims of, any Defendants. Each of the Defendants is barred and enjoined from taking any step whatsoever to commence, institute, continue, pursue, maintain, prosecute, or enforce the Counterclaims, on behalf of itself or any other Person, against any of the Settling Plaintiffs. Each of the Defendants has warranted and represented that it has not assigned, sold, or otherwise transferred any Counterclaims.

**Plan of Allocation**

22.     The Court has further considered the adequacy of the Plan of Allocation as proposed by the Settling Parties. Having considered all of the submissions by the Settling

13

Parties with respect to the Plan of Allocation, which was incorporated into the Court-approved Notice of Proposed Settlement of Class Action and Final Settlement Hearing, and having been advised of and taken into consideration objections that were filed with respect to it, and which are hereby overruled and denied in all respects, the Court finds the Plan of Allocation to be fair and reasonable under the particular circumstances of this Action.

23.     The allocation formula incorporated into the Plan of Allocation, which was recommended by experienced and competent Lead Settlement Class Counsel, has a reasonable, rational basis which is consistent with Settling Plaintiffs' theory of the case and takes into account the rulings of this Court with regard to the underlying legal and factual issues. Further, the Plan of Allocation treats each members of the Settlement Class in a fair and reasonable manner which does not create conflicts of interest between Class Members, after taking into account the strengths and weaknesses of the Class Members' claims.

**Award of Attorneys' Fees and Expenses**

24.     The Court has reviewed the application for an award of Attorneys' Fees and Expenses submitted by Lead Settlement Class Counsel and the exhibits, memoranda of law, and other materials submitted in support of that application. These submissions included detailed declarations from all Class Counsel summarizing the extensive work that they undertook on behalf of the Class in litigating this Action and identifying the total lodestar and expenses resulting from such efforts.

25.     On the basis of its review of the foregoing and on the presentations and other proceedings at the Final Settlement Hearing, the Court hereby awards Attorneys' Fees to Lead Settlement Class Counsel in the aggregate amount of $87,500,000.00, representing 25% of the Cash Settlement Fund (not counting interesting estimated to be worth at least $12 million or the value of the equitable relief achieved by the Settlement), to be paid in accordance with the

provisions of the Settlement Agreement and to be allocated among all Class Counsel by Lead Settlement Class Counsel, pursuant to agreements that have been made between them. In addition, the Court awards $1,500,000.00 to be applied by Lead Settlement Class Counsel toward the expenses incurred by Class Counsel in the prosecution of this Action.

26.     The Court finds that Class Members were provided notice of Settling Plaintiffs' and Lead Settlement Class Counsel's request for fees and expenses, and compensatory awards to the Class Representatives, in a reasonable manner pursuant to Fed. R. Civ. Pro. 23(h). Further, Class Members had full opportunity to submit objections and other responses to Lead Settlement Class Counsel's motion papers filed with the Court on August 26, 2010, prior to the date of the Final Fairness Hearing. The Court gave full consideration to all such submissions prior to entering this Order.

27.     In evaluating the motion for attorneys' fees and expenses, the Court has considered and applied all of the factors identified by the Second Circuit in Goldberger v. Integrated Res., 209 F.3d 43, 50 (2d Cir. 2000). Based on this analysis, the Court finds the award of fees and expenses herein to be fair and reasonable.

28.     The Court also finds that the time and expenses detailed in Lead Settlement Class Counsel's submissions were reasonable and appropriate in a litigation of this size, complexity and length. The time was reasonably expended in support of the Class or otherwise assisted the Court in evaluating the merits of the proposed Settlement and contributed to its ability to make a proper determination as to the fairness, reasonableness and adequacy of the proposed Settlement.

29.     Further, the Court finds that the fee, based on a 25% of the Cash Settlement Fund, represents an approximate multiplier of 2.4 of the total lodestar submitted by Lead Settlement Class Counsel on behalf of all Class Counsel. This multiple, which this Court has used as a

crosscheck against the reasonableness of the percentage fee awarded, is fair and reasonable and falls well within the benchmark generally recognized by the courts as appropriate in a complicated and extensively litigated case such as this Action.

30. Finally, the Court finds that the fee is warranted after taking into account other considerations. This Action involved numerous cutting edge issues that were highly uncertain and required counsel willing to work for years without any guarantee of success. The Settlement not only resulted in a substantial monetary recovery for the Class, but also achieved material injunctive relief which provides ongoing benefits to the Class. The fee award is therefore justified when considering those additional issues.

**Compensatory Awards**

31. The Court hereby awards compensatory awards of $25,000 to each of the individual Class Representative Plaintiffs. The Court finds this award to be fair and reasonable in light of the results provided to the Class due in part to the participation in this Action by the individual Class Representative Plaintiffs

**Other Provisions**

32. The Settlement Agreement, in whole or in part, whether effective, terminated, or otherwise, or any of its provisions or any negotiations, statements, or proceedings relating to it shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind in any action or proceeding, except to enforce the Settlement Agreement or this Order by injunctive or other relief or to assert defenses such as res judicata, collateral estoppel, release, good-faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16

**Entry of Judgment and Continuing Jurisdiction**

33.     The Clerk of the Court is directed to enter the final Judgment, in the form annexed hereto as Exhibit B, dismissing the causes of action between the Parties pending before this Court with prejudice.

34.     Without in any way affecting the finality of this Order, this Court shall have exclusive jurisdiction and authority to administer, interpret, and enforce the terms of the Settlement Agreement, and to consider, rule upon, and issue a final order with respect to suits, whether judicial, administrative or otherwise, which may be instituted by any Person, individually or derivatively, with respect to the Settlement Agreement. This reservation of jurisdiction does not limit any reservations of jurisdiction in the Settlement Agreement, nor do any such reservations of jurisdiction in the Settlement Agreement limit the reservation in this Paragraph. Except as otherwise provided in the Settlement Agreement, each Party and each Settlement Class Member has irrevocably submitted to the exclusive jurisdiction and venue of this Court for any suit, action, proceeding, case, controversy, or dispute relating to the Settlement Agreement and/or the negotiation, performance, or breach of the Settlement Agreement.

SO ORDERED.

10/15/10

Hon. Lawrence M. McKenna
United States District Judge

17